UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



EDWARD JAMES EGAN, #1031220,

    Petitioner,

v.                          ACTION NO. 2:17cv439

HAROLD W. CLARKE,
Director of the Virginia
Department of Corrections,

    Respondent.

## FINAL ORDER

Petitioner Edward James Egan ("Egan"), a Virginia inmate, submitted a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, and an addendum to the petition. ECF Nos. 1, 43. Egan alleges violations of federal rights pertaining to his convictions in the Circuit Court for the County of Roanoke, for assault and battery and sexual abuse. ECF No. 13 at 1 (referencing *Commonwealth v. Egan*, Nos. CR03000739-00 and CR03000740-00 (Va. Cir. Feb. 9, 2004)). As a result of these convictions, Egan was sentenced to 18 months in the Virginia penal system on February 9, 2004.[1] *Id.* The matter was referred to a United States Magistrate

---

[1] On June 11, 2004, Egan was convicted in the Circuit Court for the County of Roanoke for two counts of forcible sodomy, one count of rape, and one count of inanimate object penetration, and was sentenced on November 18, 2004, to serve over 100 years in the

Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Local Rules of the United States District Court for the Eastern District of Virginia for report and recommendation. The report and recommendation, filed March 12, 2019, recommends that the petition be dismissed without prejudice to Egan refiling his federal petition after obtaining an order authorizing the filing of a successive petition from the Court of Appeals for the Fourth Circuit. ECF No. 46. Each party was advised of his right to file written objections to the findings and recommendations made by the Magistrate Judge. *Id.* Neither party has filed objections, and the time for filing objections has expired.

On March 21, 2019, Egan filed a motion pursuant to Federal Rule of Civil Procedure 60(b). ECF No. 47. In the motion, Egan is seeking relief from the "erroneous dismissal" of his habeas petition. *Id.* at 1. Egan argues that his previous habeas petitions were dismissed due to "fraud upon the court" by the Assistant Attorney General for Virginia. *Id.* at 1, 7-9. Egan further argues that the magistrate judge made "many serious errors and statements" in the report and recommendation. *Id.* at 2. Egan asserts that the following statement from the report and

---

Virginia penal system. *Commonwealth v. Egan*, Nos. CR03000735-00-738-00 (Va. Cir. June 11, 2004). Egan is currently in custody as a result of these June 2004 convictions.

2

recommendation is incorrect: "According to the 'Virginia Court Case Information' online service, Egan's sexual abuse charge was initiated in Juvenile and Domestic Relations Court, and appealed to the Circuit Court for the County of Roanoke. *Commonwealth v. Egan*, No. CR03000740-00 (Va. Cir. Feb. 9, 2004)." ECF Nos. 46, 47. Egan argues that he was charged with "sexual battery," not "sexual abuse." ECF No. 47 at 2. Further, Egan indicates that he did not appeal his conviction, but that Juvenile and Domestic Relations Court cases "JA01290-01-00 and JA1290-02-00" "became CR03000739 and 740-00 (2-9-04) in Circuit Court." *Id.* at 7. In addition, Egan argues that the report and recommendation only referenced his February 2004 proceedings whereas he "raised issues in all cases." *Id.* at 3. Egan requests that the Court "recall and void" the report and recommendation and order pursuant to Rule 60(b), and hold an evidentiary hearing on his claim of fraud upon the court. *Id.* at 5.

When Egan filed his motion pursuant to Rule 60(b), no final order or dismissal of his petition had been entered. Instead, the report and recommendation by the magistrate judge recommended that a final order be entered dismissing Egan's petition without prejudice. Accordingly, Egan's Rule 60(b) motion has been construed as objections to the report and recommendation.

The Court, having reviewed the record and examined the objections to the report and recommendation raised in Egan's Rule

3

60(b) motion, and having made *de novo* findings with respect to the portions objected to, does hereby adopt and approve the findings and recommendations set forth in the report and recommendation. The Court, therefore, **ORDERS** that the petition for a writ of habeas corpus, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE** to Egan refiling his federal petition after obtaining an order authorizing the filing of a successive petition from the Court of Appeals for the Fourth Circuit.

Finding that the basis for dismissal of Egan's § 2254 petition is not debatable, and alternatively finding that Egan has not made a "substantial showing of the denial of a constitutional right," a certificate of appealability is **DENIED**. 28 U.S.C. § 2253(c); *see* Rule Gov. § 2254 Cases in U.S. Dist. Cts. 11(a); *Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-85 (2000).

Egan is **ADVISED** that because a certificate of appealability is denied by this Court, he may seek a certificate from the United States Court of Appeals for the Fourth Circuit. Fed. R. App. P. 22(b); Rule Gov. § 2254 Cases in U.S. Dist. Cts. 11(a). If Egan intends to seek a certificate of appealability from the Fourth Circuit, he must do so **within thirty days** from the date of this Order. Egan may seek such a certificate by filing a written notice of appeal with the Clerk of the United States District Court,

United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510.

The Clerk shall mail a copy of this final order to Egan and counsel of record for respondent.

/s/ MSD
Mark S. Davis
Chief Judge

Mark S. Davis
Chief United States District Judge

Norfolk, Virginia
April 12, 2019